02-12-497-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00497-CV

 

 


 
 
 Richard
 L. Vaughn
  
 v.
  
  
 Lake
 Country Property Owners Association, Inc.
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From County Court at Law
 No. 2
  
 of
 Tarrant County (2009-072486-2)
  
 February
 14, 2013
  
 Opinion
 by Justice Gabriel
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

    Justice Lee Gabriel

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00497-CV


 
 
 Richard L. Vaughn
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 Lake Country Property Owners Association, Inc.
  
  
  
 
 
  
 
 
 APPELLEE
 
 


----------

FROM County
Court at Law No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          On
December 13, 2012, Appellant filed a notice of appeal, attempting to appeal an
order that was signed on November 12, 2012.  Appellant’s request for findings
of fact and conclusions of law was due on December 3, 2012, but was not filed
until December 7, 2012.  See Tex. R. App. P. 26.1.

          On
December 27, 2012, we sent Appellant a letter notifying him of our concern that
we lacked jurisdiction over the case because it appeared that the notice of
appeal was not timely filed.  See id.  We requested a response
showing that the request for findings of fact and conclusions of law was
properly addressed, stamped, and mailed by United States Postal Service to the
proper trial court clerk on or before the due date.  See Tex. R. Civ. P.
5; Tex. R. App. P. 9.2(b).  We also stated that if the request had not been
timely mailed, unless Appellant or any party desiring to continue this appeal
filed with the court, on or before January 7, 2013, a response showing a
reasonable explanation for the late filing of the notice of appeal, we would
dismiss the appeal for want of jurisdiction.  See Tex. R. App. P.
10.5(b), 26.3(b).  We have received no response.

          The
times for filing a notice of appeal are jurisdictional in this court, and
absent a timely filed notice of appeal or extension request, we must dismiss
the appeal.  See Tex. R. App. P. 25.1(b).  A notice of appeal must be
filed within thirty days after the judgment is signed, unless a party timely
files a motion extending the deadline, such as a request for findings of fact
and conclusions of law.  Tex. R. App. P. 26.1.  A request for findings of fact
and conclusions of law must be filed within twenty days after the date the
judgment was signed.  Tex. R. Civ. P. 296.  Under the “mailbox rule,” a
document sent to the proper clerk by first-class United States mail in a
properly addressed and stamped envelope is deemed timely filed if it is
received not more than ten days late.  Tex. R. Civ. P. 5.

          In
this case, Appellant did not file his request for findings of fact and
conclusions of law until twenty-five days after the judgment was signed.  Appellant
has provided no evidence that the request should be deemed timely filed under
the mailbox rule.  Appellant’s request was therefore untimely, and his notice
of appeal was due December 12, 2012.  Because Appellant did not file his notice
of appeal until December 13, 2012, and because he has not provided a reasonable
explanation for the late filing, his notice of appeal was untimely.  We therefore
dismiss this appeal for want of jurisdiction.  See Tex. R. App. P.
42.3(a), 43.2(f).

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  February 14,
2013








 









[1]See Tex. R. App. P. 47.4.